IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**ROBERT CONWAY,**

    **Petitioner,**

v.                                        **Case No. 5:14-cv-15756**

**JOE COAKLEY, Warden**
**FCI Beckley**[1]

    **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

On May 2, 2014, Petitioner Robert Conway ("Petitioner"), proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 2). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and by Standing Order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Because Petitioner's release from custody renders his petition moot, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** the Petition for a Writ of Habeas Corpus and remove this matter from the docket of the Court.

**I.**    **Relevant Facts**

At the time Petitioner filed this action, he was incarcerated at the Federal

---

[1] Petitioner named Mark Collins as the respondent; however, Joe Coakley is now the Warden of FCI Beckley and, therefore, is properly substituted as Respondent under Fed. R. Civ. P. 25(d). *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004).

1

Correctional Institution in Beckley, West Virginia, serving the remainder of a 2,790-day sentence imposed by the District of Columbia Board of Parole ("DCBP"). (ECF No. 7 at 1). The sentence stemmed from a robbery committed by Petitioner in 1996 while he was on parole from the District of Columbia. Petitioner was convicted of that crime and given a 4 to 12 year-sentence of imprisonment. (*Id.* at 2-3). Learning of the robbery, the DCBP issued a warrant for Petitioner's arrest on a charge of violating his conditions of parole, but the warrant was filed as a detainer and not executed due to Petitioner's incarceration for the underlying crime.

Beginning on November 1, 2004, the United States Parole Commission ("USPC") engaged in a series of transactions with Petitioner that involved notices of action, releases from custody, warrants for additional parole violations, revocations of parole, and recalculations of Petitioner's sentence based upon the various parole revocations. (*Id.* at 4-6). In the instant action, Petitioner complained specifically about one of these transactions. In October 2010, the USPC issued a notice of action revoking Petitioner's parole based upon parole violations. The notice indicated that Petitioner's sentence was recalculated, stating that "none of the time spent on parole shall be credited, continue to expiration after service of approximately 76 months." (ECF No. 7-1 at 3). Consequently, Petitioner's current projected release date was changed to March 17, 2016. (ECF No. 7 at 6). Petitioner alleged that this notice of action and recalculation violated his constitutional right to due process of law, because one basis of the sentence recalculation was his 1996 parole violation. However, Petitioner had never received a revocation hearing on the parole violation. Petitioner further contended that the USPC lacked jurisdiction to conduct a hearing in 2010 on a violation of parole that arose from a sentence which had expired years earlier. (ECF No. 2 at 9). Accordingly, Petitioner insisted that the

2

recalculation was unconstitutional. For relief, he asked the Court to issue an order correcting his sentence and mandating his immediate release from prison.

On February 1, 2016, Petitioner was released from custody.[2] He left no forwarding address with the Clerk of Court.

## II. Discussion

It is well-settled that a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d. 689, 693-94 (4th Cir. 1983); *see also Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Therefore, when a prisoner files a habeas corpus petition seeking relief from a conviction or sentence, his release from custody may render his petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842.

---

[2] See www.bop.gov/inmateloc/

3

First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)).

In this case, neither exception applies. Petitioner did not challenge his conviction; rather, he claimed that his sentence was miscalculated, improperly lengthening his time in custody. Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant. Consequently, release from custody moots the petition. *Lane v. Williams,* 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). Similarly, the capable of repetition, but evading review exception is inapplicable here because there is no reasonable expectation that Petitioner will be incarcerated again and face the same set of circumstances in the future.

For these reasons, the undersigned **FINDS** that (1) Petitioner's release from custody renders his petition for habeas corpus relief moot and (2) neither exception to the mootness doctrine applies in this case.

### III. Proposal and Recommendations

For the reasons stated, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that:

1. Petitioner's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 2) be **DISMISSED**; and
2. This case be removed from the Court's docket.

Petitioner is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing party, Judge Berger and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner.

**FILED:** February 9, 2016

Cheryl A. Eifert
United States Magistrate Judge